UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA M. ANDERSON,

      Plaintiff,

v.                                            Case No. 10-C-195

CBCS COLLECTION AGCENCY., et al.,

      Defendants.

**ORDER**

Plaintiff Anderson has filed an action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges that the settlement offer he received from Defendant failed to include the "validation notice" required by 15 U.S.C. § § 1692g. That section requires the following:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and

> a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § § 1692g.

In a screening order, this Court dismissed the complaint on the grounds that Plaintiff had failed to allege he hadn't received a validation notice "[w]ithin five days after the initial communication" – he merely alleged that he hadn't received such a notice along with the settlement letter he received in January 2010. Plaintiff moved to reconsider and clarified that he was now alleging that he had failed to receive such a letter at all. Implicit in his claim is that the settlement letter he received in January 2010 was the "initial communication" he received from the Defendant.

The Defendant has now moved for summary judgment on the basis that it provided him the requisite notices in an earlier correspondence dating to October 2009. It was this correspondence that both triggered the statutory notice requirement and contained the applicable boilerplate relating to the debt being collected. Although CBCS does not have a copy of the exact correspondence it sent (it maintains that it keeps no such records), one of its managers has asserted under oath that its computer system confirms that such correspondence was sent and all of its initial communications contain the required notice of debt. (Ki Aff., Ex. 1.) Plaintiff has not responded to this evidence. Instead, he has filed a motion to compel answers to his discovery requests. None of the discovery he seeks, however, would shed light on the question of whether he actually received the proper notice in October 2009. Accordingly, Plaintiff has not provided any evidence of a FDCPA violation, which means the Defendant is entitled to summary judgment.

2

For the reasons given above, the motion for summary judgment is **GRANTED**. All other motions are **DENIED**. The case is **DISMISSED**.

**SO ORDERED** this   13th   day of October, 2010.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
